(20 App. Div. 521.)

PEOPLE ex rel. NEW ENGLAND DRESSED MEAT & WOOL CO. v.
ROBERTS.

(Supreme Court, Appellate Division, Third Department.   September 28, 1897.)

TAXATION—EXEMPTION—MANUFACTURING CORPORATIONS.

A corporation buying sheep in the state, slaughtering them, and converting the carcasses into mutton, refrigerating the same by such processes as improve the quality thereof and preserve the same from decay, employing for the purpose a carefully devised refrigerator plant, and such appliances as insured with certainty the results desired, and then transporting and selling the mutton, and also converting other parts of the sheep into marketable products, is engaged in the business of "manufacturing," within the statute exempting from taxation the capital stock of such corporations employed within the state.

Certiorari, on the relation of the New England Dressed Meat & Wool Company, to review the determination of James A. Roberts, as comptroller of the state of New York, in imposing a tax upon the capital stock of the relator, a corporation organized under the laws of the state of Maine, and engaged in business in New York.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

James W. Eaton, for relator.

G. D. B. Hasbrouck, Dep. Atty. Gen., for respondent.

LANDON, J. We think the return of the comptroller and the evidence accompanying it show that the relator was exempt from the tax imposed, for the reason that all of its capital actually employed in this state during the period for which the tax was imposed, namely, for the three years ending October 31, 1896, was employed in manufacturing within this state, and in the sale therein of the product of such manufacturing. The business of the relator in this state consisted of buying within the state sheep and lambs, slaughtering them, and converting the carcasses into mutton, refrigerating the same by such processes as improve the quality thereof, and preserve the same for a considerable length of time from natural decay, employing for the purpose a carefully devised refrigerating plant, and such appliances as insured with great certainty the results desired, and then the transportation of such mutton in refrigerated cars, and its sale; also the converting the other parts of the sheep into tallow, ammonia, fertilizing and other marketable products. The comptroller, as we understand the return, held that the production of the mutton, as above stated, was not a manufacture, and hence he imposed the tax. Within the principle of People v. Roberts (herewith decided) 47 N. Y. Supp. 122, we reverse, with $50 costs and disbursements, the determination of the comptroller imposing the tax. All concur.